UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
J&J SPORTS PRODUCTIONS, INC.,

              Plaintiff,

  - against -

MORLEYS TAVERN INC. *d/b/a* THE DART
INN and JAMES J. MILLER,

             Defendants.
-------------------------------------------------------------X

**MEMORAUNDUM AND ORDER**
13-CV-5211 (RRM) (CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

On September 19, 2013, plaintiff J&J Sports Productions, Inc. ("J&J") filed this action against defendants Morleys Tavern Inc., doing business as The Dart Inn ("Morleys"), and James J. Miller ("Miller") (collectively, "defendants"), alleging violations of 47 U.S.C. §§ 553 and 605. Specifically, J&J claims that, on November 12–13, 2011, defendants illegally intercepted and exhibited a closed-circuit television broadcast of a professional boxing match. (Doc. No. 1.)

After Morleys and Miller failed to answer or otherwise respond to the complaint, the Clerk of Court entered a notice of default on December 20, 2013. (Doc. No. 7.) On January 9, 2014, J&J moved for a default judgment (Doc. Nos. 9–11), and on January 16, 2014, this Court referred the motion to the assigned Magistrate Judge, the Honorable Cheryl L. Pollak, to prepare a Report and Recommendation ("R&R") as to defendants' potential liability and damages.

On May 9, 2014, Magistrate Judge Pollak issued an R&R recommending that this Court: (1) find Morleys and Miller jointly and severally liable for violating 47 U.S.C. § 605; (2) award J&J $3,897.00 in statutory damages and $3,897.00 in enhanced damages, for a total award of $7,794.00; and (3) deny J&J's request for pre-judgment interest, as well as for costs and disbursements. (Doc. No. 15.)

Magistrate Judge Pollak reminded the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), any objections to the R&R were due within fourteen (14) days of its receipt. (*Id.* at 23.) That same day, the Clerk mailed a copy of the R&R to each defendant. As of this date, no party has filed any objections.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the R&R for clear error. *See, e.g.*, *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). The Court disagrees with the R&R only insofar as finding that J&J should be awarded $520.00 in costs and disbursements.[1] The Court otherwise concurs with Magistrate Judge Pollak's recommendations and adopts the R&R in its entirety.

Accordingly, it is hereby ORDERED that plaintiff is awarded $8,314.00 against defendants jointly and severally, comprising $3,897.00 in statutory damages, $3,897.00 in enhanced damages, and $520.00 in costs and disbursements.

The Clerk is directed to enter the accompanying Judgment, to mail copies of this Memorandum and Order and the Judgment to defendants, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      August 15, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Magistrate Judge Pollak recommended denying J&J's request for $520.00 in costs and disbursements under the belief that J&J had not explained to what expenses that amount pertained. (Doc. No. 15 at 22–23.) However, in its "Statement of Damages" (Doc. No. 9 at 5), J&J specified that its costs and disbursements consisted of $400.00 for the Clerk's filing fee and $120.00 for a process server fee. J&J is therefore entitled to recover that additional $520.00. *See* 47 U.S.C. § 605(e)(3)(B)(iii).